In the Matter of the Application of The Mayor, Aldermen and Commonalty of the City of New York, Relative to Acquiring Title, etc., for the Purpose of Opening, Widening and Extending Elm Street, etc.

The Mayor, Aldermen and Commonalty of the City of New York, Appellant; Charles H. Truax and Others, Commissioners of Estimate and Assessment, Respondents.

*New York city — practice on an application for an extra allowance of costs by the commissioners of estimate and assessment.*

An application by commissioners of estimate and assessment, under section 1000 of the Consolidation Act, relating to the city of New York (Chap. 410, Laws

of 1882, as amended by chap. 449, Laws of 1895) for an extra allowance of costs must be made to the court at the time of the taxation of the costs, when all parties in interest are before the court, and it cannot properly be made upon notice to the corporation counsel only.

Chapter 393 of the Laws of 1896 does not alter the rule.

APPEAL by The Mayor, Aldermen and Commonalty of the city of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1897, awarding to the commissioners of estimate and assessment an additional allowance in pursuance of chapter 660 of the Laws of 1893, as amended by chapter 449 of the Laws of 1895.

*Theodore Connoly*, for the appellant.

*Elihu Root*, for the respondents.

INGRAHAM, J. :

The respondents making this application in the court below were appointed commissioners of estimate and appraisal in this proceeding, and joined in making the first partial and separate report of this proceeding, dated November 4, 1897. Before that report was confirmed, this application for an extra allowance was made and granted by the Special Term of the Supreme Court. The application was made under section 1000 of the Consolidation Act (Chap. 410, Laws of 1882), as amended by chapter 449 of the Laws of 1895. That section provides that "Except as hereinbefore otherwise provided, no costs or charges to the said commissioners or others shall be paid or allowed for any service performed under this title, unless the same shall be taxed by the said court after notice given as provided in section one thousand and one of this act. Upon such taxation, due proof of the nature and extent of the services rendered and disbursements charged shall be furnished, and no unnecessary costs or charges shall be allowed. Each of the commissioners of estimate and assessment shall receive the like fees or compensation as by law or the rules of the court are allowed to a referee in other actions or proceedings in such court for each day upon which the said commissioners shall meet and be actually and necessarily employed in the performance of the duties imposed upon them

\* \* \* Provided, however, that in any proceeding of an unusually difficult or extraordinary character, the said court may, upon taxing said costs or expenses, make such additional allowances to the said commissioners as may to it appear just and equitable, upon such proof as may be submitted of the nature and extent of the services rendered by said commissioners." The commissioners are thus allowed as compensation a fixed sum with a provision which authorizes the court to make an additional allowance to them upon the taxation of the costs or expenses incurred in the proceeding.

By section 1001 of the Consolidation Act, as amended by the same act, the bill of costs, charges and expenses of the commissioners are required to be filed in the office of the county clerk at least ten days before the same shall be presented for taxation, and a notice of at least ten days is required to be published in the City Record, or in two of the daily newspapers, published in said city, of the time and place of taxing said costs, charges and expenses which are required to be taxed by a judge of the Supreme Court or a referee under his special order, and before the report of said commissioners shall be presented for confirmation. This application for an additional allowance to the commissioners was not made to the court when the bill of costs and expenses was presented for taxation, but was made upon notice to the corporation counsel only. The statute requires that, before the application to tax the costs and disbursements in such a proceeding is made, the bill of costs, charges and expenses shall be filed and that notice shall be given by publication of the time and place of the taxation, so that those interested in the proceeding and who will be required to furnish the money necessary to pay the costs of the proceedings by an assessment upon their property shall have notice so that they can appear and be heard upon the taxation, and as to the amount of the commissioners' charges. An application of this character to allow to the commissioners an extra allowance is required to be made to the court upon the taxation of the costs, so that those interested in the proceeding can have notice and thus be heard upon the question as to whether an additional allowance should be made, and, if one was made, as to its amount. The court was not authorized under this act to act upon the application,

except at the time when the costs were taxed and when all parties interested would be before the court. There is nothing in chapter 393 of the Laws of 1896 which authorizes the court to make an allowance to the commissioners at any time other than upon the taxation of the costs as provided by section 1001 of the Consolidation Act. That was a general act relating to all proceedings for the acquisition of property for public purposes in the city of New York, and it provides a general system as to payment of the costs and expenses of the commissioners and of the city in such proceedings. There is no express provision in this act as to the amount of the commissioners' fees; nor is there express authority to the court to grant an additional allowance to the commissioners; and as this application was made expressly under the provisions of the Consolidation Act, before cited, and as the court acted merely upon notice to the corporation and not upon the taxation of the costs and expenses as provided for by the act in question, the court was without authority to make the order appealed from.

For the reasons stated the order appealed from must be reversed and the motion for an additional allowance denied, with leave, however, to renew such application upon the taxing of the costs and expenses in this proceeding.

VAN BRUNT, P. J., O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed and motion for additional allowance denied, with leave to renew application upon the taxing of the costs and expenses in this proceeding.